# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BLONDELL SIMMONS,** ) | **C.A. No. 07-50 Erie** |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | **District Judge McLaughlin** |
| **JEFFREY A. BEARD, et al.,** ) | **Magistrate Judge Baxter** |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that the motion to dismiss filed by Defendant Baronti [Document # 69] be granted, that Defendant Baronti's alternative motion for more definite statement [Document # 69] be dismissed as moot, and that this case be closed.

### II.   REPORT

#### A.    Relevant Procedural History

On March 21, 2007, Plaintiff Blondell Simmons, an inmate formerly incarcerated at the State Correctional Institution at Cambridge Springs, Pennsylvania ("SCI-Cambridge Springs"), filed this civil rights action pursuant to 42 U.S.C. § 1983.[1]  Originally named as Defendants were: Jeffrey A. Beard, Secretary of the Pennsylvania Department of Corrections ("Beard"); Rhonda A. Winstead, Superintendent at SCI-Cambridge Springs ("Winstead"); Christine McCloskey, former Business Instructor at SCI-Cambridge Springs ("McCloskey"); Doctor DiMarco, Medical Director at SCI-Cambridge Springs ("DiMarco"); Kathy Foltz, a nurse practitioner at SCI-Cambridge Springs ("Foltz"); and Rich Baronti, an Ultrasound Technician at SCI Cambridge Springs ("Baronti").

On October 19, 2007, Defendants DiMarco and Foltz filed a motion to dismiss

---

[1] Plaintiff is presently incarcerated at the State Correctional Institution at Muncy, Pennsylvania.

[Document # 23], seeking dismissal of Plaintiff's complaint for failure to state a claim upon which relief may be granted. Defendants Beard, McCloskey, and Winstead subsequently filed a motion for summary judgment on November 9, 2007, arguing that Plaintiff's claims failed as a matter of law. [Document # 29].[2] In response to Defendants' motions, Plaintiff filed two motions for summary judgment [Document ## 32 and 39], requesting that judgment be entered against the Defendants based upon the allegations of her complaint.

On April 9, 2008, this Court issued a Report and Recommendation recommending that Plaintiff's motions for summary judgment be denied and that the motions to dismiss filed by Defendants DiMarco and Foltz [Document # 23, and Defendants Beard, McCloskey, and Winstead [Document # 29], be granted. [Document # 54]. This Report and Recommendation was adopted by District Judge Sean J. McLaughlin by Memorandum Order dated May 30, 2008. [Document # 62]. As a result, all Defendants other than Defendant Baronti were dismissed from this case

On May 9, 2008, upon Plaintiff's request, the Clerk entered default against Defendant Baronti for failing to file a timely response to the Complaint. Plaintiff subsequently filed a motion for the entry of default judgment against Defendant Baronti on May 22, 2008. [Document # 61]. On June 13, 2008, Defendant Baronti filed a response to Plaintiff's motion for default judgment, indicating that he was never served with the Complaint in this matter. [Document # 64]. As a result, this Court denied Plaintiff's motion for default judgment and ordered service of the Complaint upon Defendant Baronti. After Defendant Baronti was served with the Complaint on or about June 25, 2008, he filed a motion to dismiss Plaintiff's complaint, or in the alternative, motion for more definite statement, arguing that Plaintiff has failed to state a claim against him upon which relief may be granted. [Document # 69]. Plaintiff has since filed a response to Baronti's motion to dismiss. [Document # 79]. This matter is now ripe for

---

[2] At the time these motions were filed on behalf of the other Defendants, Defendant Baronti had not yet filed a response to the Complaint, nor had any attorney entered an appearance on his behalf.

consideration.

### B. Relevant Factual History

The only factual allegations in Plaintiff's Complaint pertaining to Defendant Baronti may be summarized as follows:

(i) Due to severe back spasms from a past motor vehicle accident, Plaintiff underwent an ultrasound, which was allegedly done "inappropriately due to not being able to locate [her] kidneys on the screen." Plaintiff alleges that the technician [Defendant Baronti] "dug deep into the left side holding down the scanner pressing very harshly dragging and digging with the scanner." As a result, Plaintiff claims that she has a "huge lump on [her] right side that is rapidly growing...." (Complaint at Section IV.C.10).

(ii) "The Altrasound [sic] Technician [Defendant Baronti] should have taken another approach once it was obvious he could not locate [her] kidneys on screen." Instead, he assured Plaintiff that "it was procedure." As a result, Plaintiff claims that she has "sharp aching pain on both sides of the kidney area where the altrasound [sic] was performed with a rapidly growing lump the size of a quarter on the left side." (Complaint at Section IV.C.11).

### C. Legal Claims

Plaintiff claims that Defendant Baronti used excessive force, constituting cruel and unusual punishment in violation of her Eighth Amendment rights. Construed broadly, Plaintiff's allegations may also be read to include a medical claim under the Eighth Amendment, as well as a state law medical malpractice or negligence claim. The merits of each of these claims will be considered in turn.

### D. Standards of Review

#### 1. Motion to Dismiss

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure

3

12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 127 S.Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S.Ct. at 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 127 S.Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S.Ct. at 1974.

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor

4

syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### E. Discussion

#### 1. Excessive Use of Force

Plaintiff claims that the manner in which Defendant Baronti performed an ultrasound on her left kidney area constituted excessive use of force in violation of her Eighth Amendment rights, because he "dug deep into the left side holding down the scanner pressing very harshly dragging and digging with the scanner." (Complaint at Section IV.C.10). As a result of Defendant Baronti's actions, Plaintiff claims that she suffered "a sharp aching pain on both sides of the kidney area where the altrasound [sic] was performed with a rapidly growing lump the size of a quarter on the left side." (Complaint at Section IV.C.11).

"In order for a prisoner to state an Eighth Amendment claim for the excessive use of force by a prison official, he must establish that the force was not applied in a good-faith effort to maintain or restore discipline, but that it was maliciously and sadistically used to cause harm." Wilson v. Shannon, 982 F.Supp. 337, 340 (E.D.Pa. 1997), citing Hudson v. McMillian, 503 U.S. 1, 7 (1992). However, objectively *de minimis* uses of physical force are excluded from constitutional recognition, provided that the use of force is not "'repugnant to the conscience of

5

mankind.'" Whitley v. Albers, 475 U.S. 312, 327 (1986), quoting, Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also Reyes v. Chinnici, 54 Fed. Appx. 44, 48 (3d Cir. 2002)("[t]here exists some point at which the degree of force used is so minor that a court can safely assume that no reasonable person could conclude that a corrections officer acted maliciously and sadistically").

Here, Plaintiff's allegations fail to establish that Baronti's actions were either malicious or sadistic. Instead, Plaintiff simply challenges the allegedly rough manner in which Baronti conducted the ultrasound, alleging that he "should have taken another approach once it was obvious he could not locate [her] kidneys on screen." (Complaint at Section IV.C.11). Thus, Plaintiff's allegations implicate negligence or, at most, recklessness on the part of Baronti, neither of which is sufficient to sustain a claim of excessive use of force. Moreover, the force that was allegedly used by Baronti is objectively *de minimis*. Allegations of far more force than Plaintiff has alleged have been deemed *de minimis* and dismissed by the courts. See, e.g., Reyes, 54 Fed. Appx. at 48 (corrections officer punched inmate in the shoulder to avoid being spit on); Thomas v. Ferguson, 361 F.Supp.2d 435, 439-41 (D.N.J. 2004)("[e]ven if proven to be true and for no necessary purpose, Defendants' alleged conduct... does not meet the Constitutional standard for a claim of a malicious and sadistic use of force 'repugnant to the conscience of mankind,'" where inmate alleged he was punched and shoved by corrections officers); Wilson v. Reinhart, 2003 WL 21756393 (D.Del. Jul. 29, 2003)(officer sprayed inmate in the face with mace).

Accordingly, Plaintiff's claim of excessive use of force against Defendant Baronti should be dismissed.

### 2. Eighth Amendment Medical Claim

In the medical context, a constitutional violation under the Eighth Amendment occurs only when state officials are deliberately indifferent to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). "In order to establish a violation of [the] constitutional right to

6

adequate medical care, evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

Deliberate indifference to a serious medical need[3] involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990).

Mere misdiagnosis or negligent treatment is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer, 991 F.2d at 67 (citations omitted).

Once again, Plaintiff merely challenges the allegedly rough manner in which he conducted the ultrasound at issue. The very nature of this claim reveals that Plaintiff is questioning the nature and adequacy of the treatment she received, not the absence of the same. Thus, at most, Plaintiff's allegations invoke medical negligence, which is not actionable as an Eighth Amendment claim. Estelle, 429 U.S. at 106. Moreover, to the extent Plaintiff voices her disagreement with the medical treatment that was provided by Baronti, such allegations also fail to establish a constitutional violation. Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1080 (3d Cir. 1976)(holding that a prisoner's disagreement with a course of medical treatment does not sustain a cognizable Eighth Amendment claim).

---

[3] A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correction Institute Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

Accordingly, Plaintiff's Eighth Amendment deliberate indifference claim against Defendant Baronti, to the extent she intended to state the same, should be dismissed.

### 3. State Medical Malpractice/Negligence Claim

To the extent Plaintiff has attempted to state a claim of medical malpractice or negligence under Pennsylvania law, these are pendent state law claims, over which this Court is not required to exercise jurisdiction absent the existence of a cognizable federal claim. Since this Court has already determined that Plaintiff's federal claims under 42 U.S.C. § 1983 must fail as a matter of law, this Court does not have an independent basis on which to exercise jurisdiction over Plaintiff's state law claims. As a result, to the extent they exist, Plaintiff's state law medical malpractice or negligence claims should be dismissed.

## III. CONCLUSION

For the foregoing reasons, It is respectfully recommended that the motion to dismiss filed by Defendant Baronti [Document # 69] be granted, that Defendant Baronti's alternative motion for more definite statement [Document # 69] be dismissed as moot, and that this case be closed.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights. See, e.g., Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated: December 22, 2008

cc: The Honorable Sean J. McLaughlin
United States District Judge